UNITED STATES of America

v.

William MALLOY, Appellant.

No. 06–2772.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Oct. 23, 2007.

Filed: Oct. 24, 2007.

Barbara K. Whitaker, Office of United States Attorney, Scranton, PA, for Appellee.

Patrick M. Rogan, Esq., Rogan Law Firm, Scranton, PA, for Appellant.

Before: FISHER, ALDISERT and GREENBERG, Circuit Judges.

## OPINION

ALDISERT, Circuit Judge.

This appeal by William Malloy requires us to decide whether the United States District Court for the Middle District of Pennsylvania adequately articulated its consideration of the factors set forth in 18 U.S.C. § 3553(a) when it sentenced Malloy to 27 months of imprisonment. On appeal, Malloy contends that the District Court failed to meaningfully consider the § 3553(a) factors, letters submitted on his behalf and an independent psychiatric report. We will affirm.

## I.

The parties are familiar with the facts and proceedings before the District Court, so we will revisit them only briefly. In 2002, the FBI and local law enforcement officials in Dallas, Texas began an investigation into the distribution of child pornography over the Internet. During the course of the investigation, officials obtained e-mail addresses and credit card records used to gain access to websites distributing child pornography, and some of those records led authorities to a man named Bill Malloy at an address in Honesdale, Pennsylvania. On October 15, 2003, FBI agents traveled to that address and met with Malloy. At the meeting, Malloy admitted to having received child pornog-raphy via the Internet and provided authorities with approximately 70 sexually explicit images of prepubescent minors that he had printed from the Internet. Malloy also provided the agents with a written statement of his involvement with child pornography.

On September 21, 2004, Malloy was arrested by the FBI and charged with receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). On July 21, 2005, Malloy pleaded guilty to receiving child pornography. The presentence report stated that the receiving child pornography charge carried a mandatory minimum sentence of five years of imprisonment. Because this mandatory minimum was not contemplated by either of the parties, Malloy was given the opportunity to withdraw his plea and enter a plea to an information charging him with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5), which carried no mandatory minimum sentence.

Thereafter, on January 13, 2006, Malloy withdrew his prior plea, waived his right to an indictment and entered a plea of guilty to the information. At the May 11, 2006 sentencing hearing, the District Court sentenced Malloy to the minimum sentence provided by the advisory Sentencing Guidelines, 27 months of imprisonment.

## II.

Generally, "a court of appeals gives deference to a district court's sentencing determinations and thus reviews sentences on an abuse of discretion basis." *United States v. Lloyd*, 469 F.3d 319, 321 (3d Cir.2006). When a defendant fails to raise an objection to the sentence before the district court, however, our review of the sentence is for plain error. *Id.* ("Nevertheless, insofar as [the defendant] is advancing contentions that he did not preserve in the district court, our review is

confined by the exacting plain error standards."). Before us, Malloy complains that the District Court failed to perform a meaningful consideration of the § 3553(a) factors, letters submitted on his behalf, and an independent psychiatric report when it sentenced him to 27 months of imprisonment. Because his argument made to this Court was not raised before the District Court, *see* sup. app. 27–30, we will review it for plain error.

To succeed under the plain error standard, Malloy bears the burden of showing that "(1) an error was committed; (2) the error was plain, that is, clear and obvious; and (3) the error affected the defendant's substantial rights[,] ... [and] [i]n cases where the first three elements are satisfied, an appellate court may exercise its discretion to order such a correction only if the error[ ] seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Dixon,* 308 F.3d 229, 234 (3d Cir.2002) (citations and quotations omitted). An error affects substantial rights if the error was prejudicial to the defendant and "affected the outcome of the district court proceedings." *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

### III.

Malloy contends that the District Court erred by failing to meaningfully consider the factors relevant to sentencing, as articulated in 18 U.S.C. § 3553(a),[1] letters sub-

---

1. Section 3553(a) provides:

    (a) **Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for—

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

    (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorpo-

    rated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guideline or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

    (5) any pertinent policy statement—

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

mitted on his behalf by friends and family, and an independent psychiatric report concluding that Malloy did not meet diagnostic requirements for pedophilia or anti-social personality disorder. This Court has previously considered a similar claim of failure to consider the appropriate § 3553(a) factors, and the legal precept applicable to Malloy's claim is settled. *In United States v. Cooper,* 437 F.3d 324 (3d Cir.2006), we stated:

> The record must demonstrate that the court gave meaningful consideration to the § 3553(a) factors. The court need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.

*Id.* at 329 (internal citations omitted). Nothing in the teachings of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), or elsewhere requires a district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to explicitly record its consideration of each factor. *Cooper,* 437 F.3d at 329.

At sentencing, the District Court provided the following statement regarding its reasons for imposing a sentence of 27 months of imprisonment:

> You see, it puts a cloud on everything you've done, and what baffles me is that you don't seem to understand that. Sometimes you have to be concerned about perception, and when you have somebody who has been as active as you have been in the community with youth sports and particularly girls sports, then, to be accessing child pornography and then printing it out and retaining it

involving pre-pubescent children, it's a horrible, horrible, thing.

> You received an award from the Chamber of Commerce. Is that the image of the person they would want to honor? Don't you have an obligation, a duty to live up to the faith that people have shown in you, the parents who put their children in your care not to do something that would suggest a problem? I think you do, I think you have an absolute duty. Yes, you did great things for the children of the community, but working with children is also a privilege, and you can't destroy that. What you do makes it harder for others to do it, what you did in this particular matter, because people will question others' motives and they'll question your motives, rightfully so.

> ... My obligation is to start with the guidelines which impose a prison term of 27 to 33 months in this case, and then to look at the factors in 3553(a) and determine what a reasonable sentence is under all the circumstances.

> As [defense counsel] indicates, I'm to consider the nature and circumstances of the offense. Well, the nature of the offense is a serious one. These aren't victimless crimes. Those children depicted in those images are victimized, horribly so. You may not have produced them, but you helped create the demand that sustains those matters. You may not have paid for these particular images, but you retained then, for reasons that you, yourself, cannot articulate to me. But it's very disturbing to me that this was simply not surfing a website and seeing what was on the web, this was actual download of horrible images.

> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The history and characteristics of the Defendant. This has been a matter that baffles me because, on the one hand, I agree with [defense counsel], you have done outstanding community service, and on the other hand, you have taken that and turned it around. I have wrestled with this. On the one hand, I'd like to provide credit for the community service that you have provided, on the other hand, I know that you have destroyed—you've undermined confidence in others that try to provide this community service by engaging in the conduct in which you engaged.

I have to impose a sentence that reflects the seriousness of the offense and promote[s] respect for the law and provide[s] just punishment. . . .

To afford adequate deterrence to criminal conduct. I have no reason to disbelieve Dr. Berger that you do not pose a threat to the safety of any person or a threat of recidivism, but I have to look at the public, in general, I have to look at others that engage in this conduct, and the only way to deter others is to send a significant message by the punishment that's imposed in this particular case.

Finally, I'm to protect the public from further crimes. I don't think that requires any lengthier sentence than called for by the guidelines, but I do find that, under the circumstances of this case, a sentence of 27 months is appropriate. To not impose a sentence within the guideline range, in my judgment, would not be a reasonable sentence under the circumstances. And I'd note, when you pled guilty, you agreed that the sentence within the guideline range would be a reasonable sentence under the circumstances, while reserving the right to argue for a lesser sentence.

I made the point that of the approximate[ly] 50 letters received, most of those, 36 of those were received before the entry of a guilty plea. I think that's a significant factor. And you were described as a true humanitarian in that letter, but a true humanitarian does not do what you did in this particular matter. So for those reasons, as I said, child pornography is an extremely serious matter, and the only way to attack it is not only to attack the distributors, yes, they need to be attacked, but also to snuff out the demand, and the only way to snuff out demand is by imposing an appropriate sentence in this particular case.

So having taken into account all of the facts and circumstances and considering the sentencing guidelines, as well as the factors in 18 United States Code Section 3553(a), I will impose a prison term of 27 months in this particular case.

Sup.App. 22–26.

This statement explicitly addressed several of the § 3553(a) factors, including "the nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1); "the history and characteristics of the defendant," *id.*; "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," *id.* § 3553(a)(2)(A); "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); "the need for the sentence imposed . . . to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C); and "the . . . sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission . . .," *id.* § 3553(a)(4)(A)(i). In addition, the statement specifically noted the District Court's consideration of the letters submitted on Malloy's behalf and the independent psychiatric evaluation conducted by Dr. Berger.

That the District Court "did not give a fuller explanation certainly could not rise to the level of plain error or, indeed, any error at all." *Lloyd*, 469 F.3d at 325–326. Indeed, in this case, the District Court gave a thoughtful and detailed statement of its reasons for imposing its particular sentence, and this statement tracked the framework established in § 3553(a). Even though the District Court did not explicitly address each § 3553(a) factor, it established a record demonstrating its meaningful consideration of them. We are satisfied that the District Court properly considered the § 3553(a) factors, the letters submitted on Malloy's behalf and the independent psychiatric evaluation. We thus conclude that the District Court did not err when it sentenced Malloy to 27 months of imprisonment.

\* \* \* \* \* \*

We have considered all contentions presented by the parties and conclude that no additional discussion is necessary.

The judgment of the District Court will be affirmed.